UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JACOB MILTON,

        Plaintiff,

  -against-

OCWEN LOAN SERVICING, LLC,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, WMC MORTGAGE
CORPORATION, CYNTHIA ROSICKI, ESQ.,
TOM ROSICKI, DAWN POLEWAC, ANN
POOLE, ESQ., CRAIG WOLFSON, ESQ.,
ROSICKI ROSICKI & ASSOCIATES., P.C.,
PARAMOUNT LAND, INC., ENTERPRISE
PROCESS SERVICE, INC., RAS BORISKIN,
LLC, DAVID J. SCHNEIDER, ESQ., SARA Z.
BORISKIN, ESQ., ROBERTSON ANSCHUTZ
& SCHNEID, PL,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-CV-5983 (CBA) (PK)



**AMON, United States District Judge:**

On December 10, 2019, this Court held a pre-motion conference regarding Defendants' proposed motion to dismiss. (ECF Docket Entry ("D.E.") dated 12/10/2019 ("Minute Entry").) Counsel for Plaintiff failed to appear. Id. The Court ordered Plaintiff's counsel to show cause why he should not be held in contempt of court for failing to comply with prior court orders and for failing to appear at the pre-motion conference. (D.E. # 25.) At that conference, the Court also set a briefing schedule for Defendants' motions to dismiss, for sanctions, and for a filing injunction (the instant suit is the sixth substantially similar action brought by Plaintiff against these Defendants). Id. Rather than answer the show cause order, a new attorney appeared on behalf of Plaintiff and filed a Notice of Voluntary Dismissal of the First and Third causes of action, (D.E. # 26), as well as a Motion for an Order to Show Cause why the case should not be remanded to state court once the federal causes of action were dismissed, (D.E. # 27).

Although Plaintiff quite transparently is seeking to avoid this Court's jurisdiction and Defendants' motions to dismiss, for sanctions, and for a filing injunction, he cannot succeed. A Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)[1] operates to dismiss an entire "action," not claims within an action. "Plaintiff may . . . unilaterally dismiss the action [pre-answer], but the Rule does not authorize [him] to dismiss a single claim." Robbins v. City of New York, 254 F. Supp. 3d 434, 436–37 (E.D.N.Y. 2017) (citing Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"). Plaintiff makes no meaningful counter-argument in support of his position that his notice of voluntary dismissal is effective to dismiss some but not all of his claims, merely citing Rule 41(a) with no further analysis in his reply to Defendants' brief on the subject. (D.E. # 39.) The Plaintiff's Motion for an Order to Show Cause why the case should not be remanded to state court is therefore DENIED, as Plaintiff cannot dismiss some but not all of his claims in the manner he attempts to.[2]

The Court should also note that while Plaintiff sought to dismiss the First and Third causes of action, those are not the federal claims in his operative complaint. Indeed, only the Second and Ninth causes of action (civil RICO and §§ 1981 and 1983 claims, respectively) arise under federal law. (D.E. # 1 at 37, 44.) So, Plaintiff's argument that a Notice of Voluntary Dismissal of his

---

[1] Plaintiff's filing states that he "voluntarily dismisses" the First and Third causes of action "pursuant to Federal Rule § 41 (B)." (D.E. 26.) The Court will construe his Notice of Voluntary Dismissal as being filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), as Rule 41(B) concerns *in*voluntary dismissals upon motion by a defendant.
[2] The proper method for dismissing federal claims in order to remand remaining state claims to state court is set forth in Judge Cogan's opinion in Robbins, 254 F. Supp. 3d 434.

2

First and Third causes of action (fraud and unjust enrichment, respectively) dismisses all federal claims and therefore requires remand to state court obviously fails.

## CONCLUSION

For these reasons, the Court denies Plaintiff's Motion for an Order to Show Cause, and deems ineffective his Notice of Voluntary Dismissal at D.E. # 26. The oral argument previously scheduled for Friday, February 7, 2020, is adjourned <u>sine die</u>, and the parties shall proceed to brief Defendants' proposed motions to dismiss, for sanctions, and for a filing injunction, following the existing briefing schedule: Defendants' motions are due on or before February 14, 2020, Plaintiff's opposition is due on or before March 6, 2020, and Defendants' reply, if any, is due on or before March 13, 2020.

SO ORDERED.

Dated: February 6, 2020
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge